**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 94-5569

WILLIE DAVID BROWN, a/k/a
Yellowboy,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Robert D. Potter, Senior District Judge.
(CR-93-264-P)

Submitted: December 29, 1998

Decided: January 21, 1999

Before MURNAGHAN, NIEMEYER, and MICHAEL,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

William Arthur Webb, Federal Public Defender, Robert H. Hale,
Assistant Federal Public Defender, Raleigh, North Carolina, for
Appellant. Robert J. Conrad, Jr., OFFICE OF THE UNITED
STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Willie David Brown appeals his convictions and sentence imposed after a plea of guilty to conspiracy to possess with intent to distribute and distribution of cocaine and cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 846 (1994); possession with intent to distribute and distribution of cocaine base and aiding and abetting in the possession with intent to distribute cocaine base on or about June 11, 1992, in violation of 21 U.S.C. § 841(a)(1), 18 U.S.C.§ 2 (1994); knowingly using fire and explosives in committing the felony of conspiracy to possess with intent to distribute cocaine and cocaine base, in violation of 18 U.S.C. § 844(h) (1994); and possession with intent to distribute and distribution of cocaine base on or about November 2 and 4, 1993, in violation of 21 U.S.C. § 841(a)(1), 18 U.S.C. § 2. We affirm Brown's convictions and sentence.

Brown was the leader of a crack cocaine distribution conspiracy operating in Charlotte, North Carolina. Brown had approximately eight to ten dealers working for him, whom he supplied with crack cocaine and who would then return part of the profits to Brown. Brown and several of his co-conspirators were arrested following two undercover buys, one conducted on November 2 and the other conducted on November 4, 1993. Brown pled guilty to seven counts of the eleven-count indictment the day before his scheduled trial. The district court sentenced him to 420 months' imprisonment on the drug counts and 60 months' imprisonment to run consecutively on the count charging Brown with the knowing use of fire and explosives in commission of a felony, in violation of 18 U.S.C.§ 844(h).

On appeal, Brown contends that the district court erred by finding him guilty of both possession with intent to distribute crack cocaine on November 2 and 4 and distribution of crack cocaine on November 2 and 4. Brown contends that his convictions for possession with

2

intent to distribute crack cocaine should merge with his convictions for distribution of crack cocaine, because the convictions arose out of the same two undercover buys, and the Government did not show that his possession of crack cocaine existed separately from the actual distribution. We disagree.

The evidence showed that Brown was the leader of the conspiracy and directed its drug distribution activities. He possessed and then doled out the conspiracy's drugs for distribution by his co-conspirators. Brown indicated to undercover agent Michael Lewis during both undercover buys that he [Brown] was unable to supply the full amount of crack cocaine Lewis requested because he [Brown] only had so much crack cocaine remaining to sell. Further, Brown's co-conspirators, under Brown's direction and control, possessed the drugs prior to and apart from the actual distribution. See United States v. Schocket, 753 F.2d 336, 340 (4th Cir. 1985). Accordingly, there is no merger, and Brown's convictions for both possession with intent to distribute and distribution of crack cocaine do not amount to plain error. See United States v. Olano, 507 U.S. 725, 731-32 (1993); United States v. Meredith, 824 F.2d 1418, 1426 (4th Cir. 1987).

In addition to the formal brief filed on Brown's behalf by counsel, Brown has filed a motion to file a supplemental brief along with the brief. In that supplemental brief, Brown contends that Amendment 505 to the Guidelines, which became effective subsequent to Brown's sentencing, alters his sentencing range and thus a reduction in sentence is warranted. Although we express no opinion on the merits of this claim, we note that the proper procedure to obtain a sentence reduction based upon retroactive amendment of the Guidelines is by motion in the trial court. See 18 U.S.C.§ 3582(c)(2) (1994). Accordingly, although we grant Brown's motion to file his supplemental brief, we deny his sentencing claim. The other claims which Brown raises in his brief lack merit.

For these reasons, we affirm Brown's convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately set forth in the materials before the Court and argument would not aid the decisional process.

AFFIRMED

3